UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC.,<br>JP MORGAN CHASE BANK, NA,<br><br>Defendants. | ) | No. 1:25-cv-01427-JPH-CSW |
| DANIELLE DELYNN DAVIS,<br><br>Relator. | ) | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

The Court entered final judgment with prejudice on August 21, 2025 because Plaintiff Danielle Delynn Davis failed to file an amended complaint as ordered on July 30, 2025. Dkt. [23]; dkt. [19]. Ms. Davis has filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b), asking this Court to modify the final judgment to a dismissal without prejudice. Dkt. [24]. She also asks this Court to allow her to respond to the Order to Show Cause why her case should be under seal. *Id.* For the reasons below, Ms. Davis's Motion for Relief from Judgment is **DENIED**.

## I.
## Facts and Background

On July 16, 2025, Plaintiff Danielle Delynn Davis filed this case as a qui tam action pursuant to § 3730(b) on behalf of the United States Government

against Defendants Quest Diagnostics, Inc. and JP Morgan Chase Bank, NA for alleged violations of the False Claims Act (31 U.S.C. § 3729). Dkt. 1. On July 30, 2025, this Court ordered Ms. Davis to amend her complaint by August 18, 2025 to adhere to the requirements under Federal Rule of Civil Procedure 8. Dkt. 19. Ms. Davis did not file an amended complaint by the deadline. Dkt. 22 at 1. The action was dismissed with prejudice for failure to amend the complaint and because a plaintiff cannot bring a qui tam action *pro se*, making Ms. Davis's suit frivolous. *Id.* at 1–2. Final Judgment was entered on August 21, 2025. Dkt. 23. Ms. Davis was also ordered to show cause by September 19, 2025 to explain why her case should not be unsealed. Dkt. 22 at 3. She did not respond to the Show Cause Order. Dkt. 24 at 2.

On August 17, 2026, she filed a Motion for Relief from Judgment under Rule 60(b). *Id.* at 1. The United States has not taken part in this action. Dkt. 24 at 5 ¶ 14.

## II.
## Applicable Law

"Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including . . . excusable neglect." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *see Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (discussing the meaning of

excusable neglect in the context of Federal Rule of Appellate Procedure 4(a)(5) and noting that it refers to the missing of a deadline as a result of such things as . . . lost mail). Relief under Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). "[L]ate or missed filings are not 'automatically' excusable." *Cato v. Thompson*, 118 F. App'x 93, 97 (7th Cir. 2004) (quoting *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 362 (7th Cir. 1997)).

## III.
## Analysis

Ms. Davis argues that the final judgment should be amended from dismissal with prejudice to dismissal without prejudice because she never received the Order Requiring Amended Complaint. Dkt. 24 at 2. Ms. Davis states the order was issued "at a time when—as she has stated on the record in related proceedings—she was transient and unable to reliably receive mail." *Id.* She maintains that "she did not know an amended complaint had been ordered or that a deadline was running." *Id.* at 3 ¶ 5.

Even if Ms. Davis did not receive the motion in the mail, there is no excusable neglect within the meaning of Rule 60(b)(1) here. The Order Requiring Amended Complaint was filed on July 30, 2025 with a response deadline of August 18, 2025. Dkt. 19. Final Judgment dismissing the case with prejudice then was issued August 21, 2025. Dkt. 23. Ms. Davis filed her motion for Relief on August 17, 2026—nearly one year after the deadline to amend her complaint. Dkt. 24.

Ms. Davis notes the numerous filings made in this case between July 16 and July 26, 2025 and argues that "[a] litigant filing that actively does not silently abandon her case ten days later." Dkt. 24 at 4 ¶ 11. But after the final judgment, Ms. Davis had one year to look up or inquire about the status of her case and any outstanding obligations. Even if she did not receive notice of the orders, "like all litigants, [she] was responsible for monitoring the status of [her] case by periodically checking the court's docket. . . . That a litigant did not receive notice because [she] failed . . . to track an active case is not 'excusable neglect' under Rule 60(b)(1), nor does it warrant relief under any other provision of Rule 60(b)." *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020). It "is well–established that carelessness or a lack of due care on the part of a litigant . . . does not provide a basis for relief under Rule 60(b)." *McLaughlin v. Jung*, 859 F.2d 1310, 1312 (7th Cir. 1988). Ms. Davis's failure to actively track her case therefore does not constitute excusable neglect under Rule 60(b)(1).

Ms. Davis alternatively argues the judgment should be modified under Rule 60(b)(6). "Rule 60(b)(6) . . . covers any *other* reason that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) (emphasis original). The Supreme Court has "repeatedly held that relief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable'" to prevent Rule 60(b)(6) from "swallow[ing] the preceding paragraphs." *Id.* (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)).

Ms. Davis merely states that "[i]f the Court concludes that Rule 60(b)(1) does not reach these circumstances, the combination presented here . . . constitutes the sort of extraordinary circumstance for which Rule 60(b)(6) exists." Dkt. 24 at 6 ¶ 16. Since her argument—excusable neglect—falls under Rule 60(b)(1), Rule 60(b)(6) does not apply, and relief cannot be granted on this basis. *See Honickman*, 605 U.S. at 211.

Because Ms. Davis is not eligible for relief under Rule 60, her request to be given the opportunity to show cause as to why her complaint should be under seal is also denied. The cited statute allows "[t]he complaint [to] be filed in camera [and] remain under seal for at least 60 days," 31 U.S.C. § 3730, but "Ms. Davis cannot maintain a qui tam action as a *pro se* party," dkt. 22 at 1, final judgment has been entered, dkt. 23, and the case has already been unsealed since October 2025, *see* dkt. 22.

Finally, Ms. Davis argues that the final judgment should not have a res judicata effect against the United States. The United States is not and has never been a party to this case. Ms. Davis does not explain or provide authority regarding why she would have standing to challenge any preclusive effect of the final judgment on the government. Moreover, res judicata is a defense to be raised in a subsequent proceeding. *See* Fed. R. Civ. P. 8(c)(1).

## IV.
## Conclusion

Ms. Davis' Motion for Relief from Final Judgment, dkt. [24], is **DENIED.**

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIELLE DELYNN DAVIS
200 Blisset Drive
Apt. K48
Dothan, AL 36301